UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00070-TBR

**ZACHARY AMOS LAMB**                                                                                     **PLAINTIFF**

v.

**JACK M. TELLE,** *ET AL.*                                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jack Telle's motion to dismiss. Def.'s Mot. Dismiss, Docket Number ("DN") 13. The Plaintiff has responded. Pl.'s Resp., DN 15. The time to reply has expired. Having considered the matter and being sufficiently advised, the Defendant's motion is GRANTED.

**I.**

Plaintiff Zachary Lamb ("Lamb") brings suit against Defendant Jack Telle ("Judge Telle"), the Chief District Court Judge for the 58th Judicial District of the Commonwealth of Kentucky (Marshall County). Lamb alleges that Judge Telle misused his contempt power by issuing a bench warrant for Lamb's arrest when Lamb refused to acknowledged his identify at his arraignment. According to Lamb, Judge Telle's actions were "non-judicial acts in clear absence of all jurisdiction and abuse of process." Compl., DN 1, p. 1. Lamb seeks monetary damages and other forms of relief as a result of Judge Telle's conduct.

Judge Telle was assigned to preside over the case of *Commonwealth v. Zachary A. Lamb*, case number 11-T-1191, as a Special Judge for the 42nd Judicial District of the Commonwealth of Kentucky (Calloway County). That case arose after Lamb committed a number of traffic violations on May 22, 2011. On that date, Lamb was stopped in Calloway County because his vehicle displayed an invalid license plate. During the stop Lamb was also unable to produce a

1

valid driver's license or proof of insurance. Finally, when questioned, Lamb stated that the vehicle was owned by his father, but the vehicle's registration showed that it was registered to another individual. Ultimately, Lamb was charged with operating a motor vehicle without a license, display of an illegal or altered registration plate, failure to produce an insurance card, failure to or improper signal, and failure to register the transfer of a motor vehicle. Lamb was scheduled to be arraigned on these charges by Judge Telle on May 28, 2011.

At the arraignment Judge Telle called Lamb's case but Lamb, who was in the courtroom, refused to acknowledge who he was, claiming that the Commonwealth bore the burden of proving his identity. Judge Telle explained that the Commonwealth bore that burden at trial but not at an initial appearance. Lamb still refused to identify himself. Because of Lamb's recalcitrance, Judge Telle was unable to proceed. In a last-ditch effort to resolve the issue, Judge Telle asked the court bailiff to call the hallways for "Zachary Lamb." When no one responded, Judge Telle again called for "Zachary Lamb" in the courtroom, but Lamb still refused to acknowledge his identity. Judge Telle then issued a bench warrant for the arrest of "Zachary Lamb" for failure to appear. Lamb was arrested and subsequently detained in the Calloway County Detention Center.

Lamb again appeared before Judge Telle on May 31, 2011. During this hearing Lamb requested that his father, Amos Lamb, be permitted to represent him as counsel. Judge Telle informed Lamb that despite the constitutional right to have counsel, the Commonwealth of Kentucky does not allow non-attorneys, like Lamb's father, to practice law. Accordingly, Lamb's request was denied.

Despite not being able to represent his son, Amos Lamb was allowed to file a petition for habeas corpus on Lamb's behalf. A hearing on the habeas case, case number 11-CI-0224, was

held before Circuit Court Judge Dennis Foust later in the day on May 31, 2011.  In an order entered the following day, Judge Foust recounted many of the facts included herein and concluded that the bench warrant issued by Judge Telle was not improper and that Lamb was not being unlawfully held.  Accordingly, Judge Foust denied the petition for habeas corpus.

At some point Lamb was release from jail but was subsequently charge with additional traffic violations on December 19, 2011.  At that time, he was ticketed for speeding 15mph over the limit, operating a motor vehicle without a license, failure to produce an insurance card, and possession of a fictitious operator's license.  During the arraignment of these charges, case number 11-T-3113, Lamb again refused to acknowledge his identity.  Judge Telle again charged him with contempt and jailed him for his refusal to identify himself.  This case was subsequently merged with the underlying action in case number 11-T-1191.

Judge Telle now moves to dismiss Lamb's claims against him on two grounds.  First, pursuant to Federal Rule of Civil Procedure 12(b)(6), Judge Telle claims that Lamb has failed to state a claim upon which relief can be granted because judges are entitled to judicial immunity.  Second, pursuant to Rule 12(b)(1), Judge Telle argues that this Court lacks jurisdiction to hear this case because Judge Foust's findings in Lamb's habeas petition are *res judicata* and bar this Court from re-litigating those same issues.

## II.

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will

3

draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Additionally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

### III.

In the present case, Lamb has failed to state a claim upon which relief can be granted because Judge Telle is entitled to judicial immunity. It has long been held that "a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases). More than that, however, judicial immunity constitutes immunity from suit entirely. *Id.* at 11. There are only two circumstances where judicial immunity is inapplicable. First, a "judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Id.* (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1989); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). Second, a judge "is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citing *Stump*, 435 U.S. at 356-57; *Bradley v. Fischer*, 80 U.S. 335, 351 (1871)).

The Court concludes that neither judicial-immunity exception is applicable in this case. First, there is no evidentiary support or any allegation that Judge Telle acted outside of his judicial role when he held Lamb in contempt of court and issued a bench warrant for failure to appear. "[T]rials courts have almost unlimited discretion in exercising their contempt powers . . . ." *Lanham v. Lanham*, 336 S.W.3d 123, 128 (Ky. Ct. App. 2011) (citing *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. Ct. App. 2007)). Additionally, Kentucky's Rules of Criminal Procedure vest judges with the express authority to issue bench warrants when witnesses or defendants fail to appear. *See* Ky. R. Crim. P. 2.05 ("Whenever a witness or defendant fails to appear in court as duly required, the presiding judge may issue a warrant for his or her arrest without the necessity of a support affidavit or complaint."). The first exception to judicial immunity is inapplicable because Lamb has failed to allege any non-judicial action perpetrated by Judge Telle.

Second, under no circumstances can it be said that Judge Telle's actions "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57. In the present case, Judge Telle was clearly acting within his jurisdiction and authority when he issued a bench warrant for Lamb's arrest. *See* Ky. R. Crim. P. 2.05. Accordingly, he is entitled to judicial immunity.

Lamb's overarching argument in this case is that the state courts had no jurisdiction over his person because he is not a citizen of Kentucky or of the United States. This argument is wholly without merit because Lamb's citizenship in this situation is of no consequence for the prosecution of criminal violations. Under Kentucky law, "a person may be convicted under the laws of this state of an offense committed by his own conduct . . . when . . . the conduct or the result which is an element of the offense occurs within this state." KRS § 500.060(1). Lamb subjected himself to the laws, regulations, and criminal penalties governing Kentucky's highways when he chose to drive on the roads in Calloway County. When he violated those laws, he subjected himself to the jurisdiction of Kentucky's courts. Judge Telle, acting as the judicial officer through whom that jurisdiction came to bear, did not act non-judicially or without jurisdiction when he held Lamb in contempt and issued a bench warrant for his arrest.

Because Judge Telle is entitled to judicial immunity, the Court need not consider the remaining arguments in support of his motion to dismiss.

## CONCLUSION

Defendant Jack M. Telle has moved to dismiss all claims asserted against him by Plaintiff

6

Zachary Amos Lamb.  For all of the foregoing reasons Defendant Telle's motion is **GRANTED** and **IT IS HEREBY ORDERED** that all claims against Jack Telle are **DISMISSED WITH PREJUDICE**.

    **IT IS HEREBY FURTHER ORDERED** that the Plaintiff's motion for a temporary restraining order, DN 18, and motion for reconsideration, DN 19, are **DENIED AS MOOT** in light of the foregoing opinion.

cc: Counsel  
Zachary Lamb  
P.O. Box 153  
New Concord, KY 42076