UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NO. 5:12-CV-00070-TBR

ZACHARY A. LAMB                                                PLAINTIFF

v.

PHIL HAZEL, et al.                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Defendants' motion to compel responses to interrogatories and production of documents or, alternatively, to dismiss. Docket Number (DN) 36. The Plaintiff's response in opposition to the motion is at DN 37, and the Defendants' reply is at DN 38. Senior District Judge Thomas Russell denied the alternative motion to dismiss by order entered March 22, 2013 (DN 268) and referred this matter to the undersigned Magistrate Judge for ruling on all discovery motions (DN 29). This matter is ripe for determination.

For the reasons stated below, the Defendants' motion to compel is Granted in Part and Denied in Part.

### BACKGROUND AND PROCEDURAL HISTORY

This is a *pro-se* civil rights action pursuant to 42 U.S.C. § 1983 arising from the Plaintiff's incarceration in the Calloway County Detention Center (CCDC). The Plaintiff's claims, which have not been dismissed by the Court (DN 22), arose from the Plaintiff's being pepper sprayed by CCDC employees on four occasions in May, 2011, and three occasions in January, 2012 (DN 35, p. 3). The pepper spraying allegedly constituted an excessive use of

force in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

A discovery dispute arose in this case regarding the Plaintiff's response to the Defendants' First Set of Interrogatories and Requests for Production of Documents. On January 2, 2013, the undersigned Magistrate Judge conducted a telephonic conference with Plaintiff participating *pro se* and Douglas R. Moore representing the Defendants. The Court overruled the Plaintiff's objections and ordered the Plaintiff to respond within 30 days pursuant to Fed.R.Civ.P. 33, which governs interrogatories to parties, and Fed.R.Civ.P. 34, which governs producing documents (DN 32).

The present motion arises from the alleged unresponsiveness of the Plaintiff's answers. A copy of the Defendants' Interrogatories and Requests for Production of Documents is at DN 36-1, and the Plaintiff's allegedly inadequate responses are at DN 35.

The Plaintiff has objected to several questions as "not relevant" and responded to others with quotations from the Gospel according to Luke and Blackstone's *Commentaries on the Laws of England*. According to Defendants, the objections lack specificity as required by Fed.R.Civ.P. 33(b)(4), and the responses are "evasive or incomplete" as contemplated by Fed.R.Civ.P. 37(a)(4).

## DISCOVERY RULES

Under Rule 37, "a party may move for an order compelling disclosure or discovery." Fed.R.Civ.P. 37(a)(1). A motion to compel is authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed.R.Civ.P. 37(a)(3)(B)(iii), (iv).

The scope of discovery is broad as "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).

Notwithstanding the broad scope, a party is not permitted "to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir.2007). The court must limit the frequency or extent of discovery if, on motion or on its own, it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii).

The Defendants' First Set of Interrogatories contains 32 questions, and there are 8 requests for production of documents. The Court shall consider the questions and requests, and objections thereto, in an order that reflects a grouping of related issues.

### SOME OF PLAINTIFF'S ANSWERS ARE ADEQUATE

Some of Plaintiff's answers are adequate. Defendants seek to compel answers to the following questions:

> 3. Please state whether you will supplement your answers and responses to these interrogatories and requests for production of documents in writing if additional information.
>
> Answer: Yes if relevant.
>
> 11. Please state whether Plaintiff submitted one or more written grievances while incarcerated at the [CCDC]. If the answer to this interrogatory is yes, ....
>
> Answer: None. [I] was not allow[ed] a grievance form [i.e., no grievance was submitted].
>
> 20. Please state whether Plaintiff has had one or more conversations(s) with any inmates of the [CCDC] regarding the incident(s) and/or allegations contained in Plaintiff's Complaint, and describe in detail each conversation, including the date, time, and location where each conversation occurred, and the names of all persons who were present.
>
> Answer: None.

32. Please state whether Plaintiff has ever been a party to a lawsuit. If so, please provide ....

Answer: None.

3. Please produce copies of all grievances completed or filed by Plaintiff while incarcerated at the [CCDC].

Answer: While Plaintiff was in jail Plaintiff was denied paper or pencil [i.e.,no grievance was filed].

7. Please produce copies of all Embassy of Heaven Jurisdictional paperwork, including but not limited to Certificate of Birth, Baptismal documentation, Driver's License, Passport, Insurance documentation, etc.

Answer: [Plaintiff quotes from the Gospel According to Luke at 19:37-40].

8. Please produce copies of all letters, correspondence, diaries, and/or journals created by Plaintiff while incarcerated in the [CCDC] regarding the allegations in Plaintiff's Complaint.

Answer: While Plaintiff was in jail Plaintiff was denied paper or pencil [i.e., no such documents exist].

**Ruling:** The Defendants' motion to compel with respect to Interrogatory Nos. 3, 11, 20, and 32 and Request for Production Nos. 3, 7, and 8 is DENIED as the Plaintiff's answers are adequate. Regarding Request No. 7, while Plaintiff's answer is unresponsive, the question is not relevant to any claim or defense in this case.

### QUESTIONS CONCERNING "JOHN DOE" DEFENDANTS

Plaintiff need not answer Defendants' questions pertaining to "John Doe" Defendants.

The Complaint names as Defendants Chief Jailer Phil Hazel, Deputy Jailer Rodney Hill, and two unknown "John Doe" jailers for their roles in the pepper spraying incidents. Ordinarily, "a *pro-se* litigant is entitled to assistance from the district court in identifying a Doe defendant." *Harris v. Fischer*, 2012 WL 3964706 (S.D.N.Y.) citing *Valentin v. Dinkins*,

121 F.3d 72, 76 (2d Cir.1997). *Carter v. Ricumstrict*, 2007 WL 4591867 (E.D.Mich.) was a prisoner civil rights action in which the court put counsel for the Michigan Department of Corrections on terms to coordinate with the litigation coordinator or other appropriate source at the Standish Maximum Correctional Facility to provide the plaintiff and the court the names of the "John Doe" defendants.

> Defendants seek the following information:
>
> 10.  Please identify by name, address, phone number, and present place of employment, all persons with whom Plaintiff was housed while incarcerated at the Calloway County Detention Center.
>
> Answer: Plaintiff is without specific knowledge of these details.
>
> 15.  Please identify by name, address, phone number, present place of employment, and physical appearance, the person or persons who instructed Calloway County deputy jailers to "break this guy [i.e., break the Plaintiff's recalcitrant attitude by pepper spraying]" during his incarceration that began on May 27, 2011, as alleged in Count II of Plaintiff's Complaint.
>
> Answer: John Doe made this statement when I was first locked up. He pepper sprayed three or four time for singing. He work[ed] at the Calloway County jail.
>
> 16.  Please identify by name, address, phone number, present place of employment, and physical appearance, the deputy jailers who were instructed to "break this guy" during his incarceration that began on May 27, 2011, as alleged in Count II of Plaintiff's Complaint.
>
> Answer: See 15.

**Ruling:** The Defendants' motion to compel with respect to Interrogatory Nos. 10, 15, and 16 is DENIED as the information requested is either unknown to Plaintiff or in the possession of the Defendants. However, if known to Plaintiff, he must identify the physical appearance of the "John Does" mentioned in Interrogatory Nos. 15 and 16.

**PLAINTIFF MUST ANSWER ROUTINE QUESTIONS**

Plaintiff must answer routine questions. Defendants seek to compel answers to the following interrogatories:

   1.   Please provide Plaintiff's full name, present address, social security number, and date of birth.

**Ruling:** Objection OVERRULED. "[T]he discovery of background information such as name, address, telephone number, date of birth, driver's license number, and social security number is considered routine information in almost all civil discovery matters." *Breslin v. Dickinson Tp.*, 2011 WL 1900448, *1 (M.D.Pa.).

   2.   Please identify by name, address, telephone number, and relationship to Plaintiff, all persons who prepared or assisted Plaintiff is preparing his response to these interrogatories.

**Ruling:** Objection OVERRULED. "Such information is reasonably calculated to lead to the discovery of relevant evidence because the requested information indicates the identity of persons having direct knowledge about the subject matter of the specific discovery request. This simply expands upon and refines the requirement of Fed.R.Civ.P. 26(a) that a party disclose the names of persons having discoverable information concerning the claims and defenses in the case." *Barnes v. Akal Sec., Inc.*, 2005 WL 3359717, *2 (D.Kan.).

   7. If Plaintiff has ever been convicted of any crime, whether misdemeanor or felony, please state:

   a. the crime or crimes for which he was so convicted;

   b. the date of each such conviction;

   c. the county, state, and name of the court or courts in which he was so convicted.

**Ruling:**   Plaintiff must state whether he has received a felony conviction within the last 10 years that was not a juvenile adjudication or a misdemeanor conviction that involved

dishonesty or a false statement. Such evidence "may potentially lead to the discovery of evidence admissible for impeachment purposes." *Shead v. Vang*, 2011 WL 1988457, *2 (E.D.Cal.) (citing Fed.R.Evid. 609).

> 8. Please provide the names, addresses, telephone numbers, and places of employment of all persons whom Plaintiff intends to call as a witness at the trial of this action.

**Ruling:** Plaintiff must provide this information. Fed.R.Civ.P. 26(a)(3)(A)(i). The Plaintiff is advised that he has a continuing obligation to supplement discovery disclosures and that "[i]f [he] fails to provide information or identify a witness as required by Rule 26(a) ..., [he] is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 26(e), 37(c)(1).

> 9. Please provide the names, addresses, telephone numbers, and present places of employment of all persons who witnessed any of the incidents alleged in Plaintiff's complaint and/or who may have any knowledge of the facts surrounding any of the incidents or the damages alleged in Plaintiff's complaint.

**Ruling:** Plaintiff must provide this information. Fed.R.Civ.P. 26(a)(1)(A)(i).

> 30. As to each and every expert whom you expect to call as a witness at trial including, but not limited to medical experts, please provide ....

**Ruling:** Plaintiff must provide this information. Fed.R.Civ.P. 26(a)(2).

> Request for Production No. 1. Please produce all exhibits, charts, diagrams, photographs, maps, drawings, summaries, video tapes, documents, x-rays, and real or demonstrative evidence of any kind which you expect to introduce or use at the trial of this action.

**Ruling:** Plaintiff must provide this information. Fed.R.Civ.P. 26(a)(3)(A)(iii).

### PLAINTIFF'S CONVERSATIONS WITH OTHERS ARE DISCOVERABLE

Plaintiff must provide Defendants with discovery regarding conversations with others. Defendants seek information with respect to conversations the Plaintiff may have had with Defendants and other persons "regarding the incident(s) and/or allegations in the complaint since his release from the [CCDC]" (Interrogatory Nos. 17, 18, and 19).

**Ruling:** Objection OVERRULED. The Plaintiff must provide the requested information as it is not privileged and may lead to evidence that is relevant to the claims and defenses in this case. Fed.R.Civ.P. 26(b)(1).

### PLAINTIFF MUST PROVIDE ADDITIONAL INFORMATION REGARDING HIS CLAIMS AND ALLEGATIONS

Plaintiff must provide additional information regarding the nature of his claims and allegations. Following dismissal of the claims against Judge Telle (DN 22), the remaining Defendants are Chief Jailer Phil Hazard, Deputy Jailer Rodney Hill, and unknown "John Doe" CCDC employees. The remaining claims relate to the Plaintiff's allegedly being pepper sprayed on four occasions in May, 2011, and three occasions in January, 2012 (DN 35, p. 3) and whether this constituted an excessive use of force in violation of the Eighth Amendment.

Interrogatory Nos. 13, 14, 21, 22, 25, 26, 27, and 28 seek an explanation and chronology of the facts supporting these claims. The questions are relevant, and the Plaintiff has put these matters at issue by filing the Complaint. In response, Plaintiff states that *(spelling and grammar corrected for readability purposes)*:

> [13] Plaintiff identf[ies] [himself] self as a citizen of the Kingdom of Heaven ... [14] Plaintiff was pepper sprayed many time, without any just cause, or threat from me ... [21] I was first pepper sprayed in May of 2011 and in January of 2012. John Doe still work at the Calloway County jail ... [22] Plaintiff believes only one word describes the actions of Rodney Hill and John Doe [and that] is the word bully ... [25] [The alleged abuses] were done without cause. Plaintiff was of no threat to

8

>these defendants. They were simply being bullies. ... [26] It [is] call[ed] police brutality   [27] [The Plaintiff responds based on the Thirteenth Amendment and Blackstone's Commentaries on the Laws of England] ... [28] I was pepper sprayed at least four time in May of 2011 and at least three times in January of 2012 ...

These responses lack specificity as required by Fed.R.Civ.P. 33(b)(4) and are "evasive or incomplete" as contemplated by Fed.R.Civ.P. 37(a)(4).

**Ruling:**  The Defendants' motion to compel is GRANTED with respect to Interrogatory Nos. 13, 14, 21, 22, 25, 26, 27, and 28.  The Plaintiff shall provide a thorough and detailed recitation of the facts supporting his claims and allegations.

## DAMAGES FOR LOST WAGES
## AND MENTAL, EMOTIONAL AND PHYSICAL INJURY

Plaintiff must provide Defendants with more information regarding whether he continues to allege damages for lost wages and for mental, emotional, and physical injury.

The Complaint states that the Plaintiff was incarcerated in the CCDC in or around May, 2011, and again in January, 2012, as result of allegedly "bogus" and improper contempt of court charges issued by Chief District Court Judge for the 58th Judicial District of the Commonwealth of Kentucky (Marhsall County) Jack M. Telle.  The Plaintiff claimed that the contempt charges resulted in his false imprisonment and that Judge Telle should be held liable for the wages he would have earned but for his unlawful incarceration.  The Complaint sought "judgment against purported judge Jack M. Telle ... [f]or compensatory damages, including lost wages, arising from movant's defense of [the contempt of court] charges ...." (DN 1, pp. 6 and 10).

On October 18, 2012, the Court dismissed all charges against Judge Telle (DN 22), leaving only the Plaintiff's claims of excessive use of force.

Having reviewed the Defendants' discovery requests (DN 36-1) and the Plaintiff's responses (DN 35), the Court finds that it is unclear whether Plaintiff alleges damages for lost wages following dismissal of his claims against Judge Telle.

It is also unclear whether the Plaintiff alleges damages due to mental/emotional and physical injury.

Interrogatory No. 23 states:

23. Please identify and describe in specific detail all injuries and complaints of any nature whatsoever which Plaintiff alleges he suffered as a result of the activities set forth in his Complaint, including but not limited to how Plaintiff was "scorned by his contemporaries, exposed to contempt and suffered injury to [his] reputation and standing in the community, further causing [him] expend large sums of money, required being confined in jail and subjected to humiliation ... and other incidental and consequential damages and expenses," as alleged in Paragraph 2 of Count II and Paragraph 2 of count III of Plaintiff's Complaint.

Plaintiff responded that he "was pepper sprayed by Rodney Hill three or four times in January of 2012 in the face while Rodney Hill held the back of my head while in solitary confinement for singing," which is unresponsive to the question concerning damages.

Interrogatory No. 29 asked the Plaintiff to:

29. Please state in detail and itemize all expenses and losses for which Plaintiff is claiming damages herein, including, but not limited to:

   a.   Lost wages;

   b.   Future lost wages;

   c.   Compensatory damages;

   d.   Mental pain and suffering;

   e.   Future mental pain and suffering;

   f.   Future physical pain and suffering;

   g.   Injunctive relief; and

   h.   Any other relief.

Plaintiff responded: "See [answers] 15, 21, 22, and 23." Plaintiff's answers to questions 15, 21, 22, and 23 provide no indication of the types of damages claimed.

The types of damages claimed has a direct bearing on what matters the Plaintiff has put "at issue" in this case and, consequently, the discovery to which Defendants are entitled.

In addition, many of Defendants' questions are irrelevant depending upon what medical treatment, if any, Plaintiff alleges he received as a consequence of the pepper spraying and whether Plaintiff alleges that he experienced lost wages due to the actions of Defendants other than Judge Telle.

**Ruling:**  Plaintiff is ORDERED to answer Interrogatory Nos. 23 and 29.  Plaintiff shall then proceed as follows:

1. If Plaintiff's position is that he received no medical treatment as a consequence of the pepper spraying and other actions of CCDC Defendants (i.e., no physical or mental health treatment, either while incarcerated at CCDC or upon release), he need not answer Interrogatory Nos. 4, 5, 12, 24, and 31, and he need not respond to Request for Production of Documents Nos. 2, 4, and 5.  If the Plaintiff alleges any type of medical treatment due to the pepper spraying, he must answer all of these questions, and he must respond to the requests for production of documents.

2.  If Plaintiff's position is that he did not experience any lost wages due to the actions of CCDC Defendants (as opposed to the actions of Judge Telle), he need not answer Interrogatory No. 6 and need not respond to Request for Production No. 6.  Otherwise, he must answer the question and respond to the request.

The Plaintiff is advised that, if he chooses not to respond to these interrogatories and requests for production of documents, he will likely not be allowed to pursue any claim for damages against the Defendants for lost wages or based on physical or mental/emotional injury requiring medical treatment.

## MENTAL HEALTH RECORDS ARE PRIVILEGED

Plaintiff's mental health records are privileged, and Defendants are not entitled to a medical release authorization.

In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court recognized a federal common-law psychotherapist-patient privilege. The Sixth Circuit has determined that "placing one's mental health at issue constitutes waiver of the privilege." *Simon v. Cook*, 261 Fed.Appx. 873, 2008 WL 244504, *12 (6th Cir.) citing *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir.2007).

Subject to the Plaintiff's responses to the interrogatories and questions discussed above, at this juncture, it appears that Plaintiff alleges only garden-variety claims of mental or emotional injury, which is to say, "damages limited to the typical negative emotional impact on the plaintiff that obviously flow from the defendant's alleged misconduct." *Awalt v. Marketti*, 287 F.R.D. 409, *419 (N.D.Ill., 2012). In contrast, non-garden variety claims involve:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Ford v. American River Transp. Co.*, 2012 WL 4049467 (W.D.Ky.).

Although the Sixth Circuit has not specifically weighed in on the issue to the knowledge of the undersigned, "[t]he majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress."  *Gaines-Hanna v. Farmington Public Schools*, 2006 WL 932074, *8 (E.D.Mich.).   The majority rule is that "where the plaintiff seeks 'garden variety' emotional damages ... the [psychotherapist-patient] privilege remains intact and is not waived."  *Awalt*, supra, at *418.

The garden-variety rule described above arises most frequently in the context of a motion to compel an opponent party to submit to a mental examination pursuant to Fed.R.Civ.P. 35(a).  However, "determining whether the plaintiff has placed [his] mental condition at issue so as to waive the privilege is analogous to, and should be generally consistent with, the analysis conducted when a Rule 35(a) examination is requested."  *Gaines-Hanna*, supra, at *11.  At least one court in this circuit has applied the garden-variety rule in the present context of a motion to compel execution of a medical release pursuant to a Fed.R.Civ.P. 34 discovery request and/or an attempt to obtain a subpoena pursuant to Fed.R.Civ.P. 45.  *Stewart v. Orion Federal Credit Union*, 285 F.R.D. 400 n. 1 (W.D.Tenn, 2012) held that the defendant was entitled to execution of release as to one plaintiff, who intended to introduce mental health expert testimony, but not as to another plaintiff, who "only claimed 'garden variety' emotional distress."

*Awalt*, supra, also applied the rule outside the context of Rule 35(a).  Mr. Aswalt died by asphyxiation in the Grundy County Jail, and Mrs. Awalt sued for violation of Mr. Awalt's constitutional rights.  Mrs. Awalt obtained the decedent's mental health records from the jail but refused to release them to the defendant.  The court determined that

Mrs. Awalt could assert the psychotherapist-patient privilege on behalf of the decedent because she alleged only garden-variety emotional damages on his behalf. *Awalt* at *419.

**Ruling:** At this juncture, Plaintiff's mental health is not at issue because he appears to raise only garden-variety claims of mental or emotional injury. His mental health records remain privileged, and Defendants are not entitled to a medical release authorization (Request for Production No. 5).

### PHYSICAL HEALTH RECORDS ARE IRRELEVANT

Plaintiff also has not put his physical health at issue.

As noted above, the Supreme Court has recognized a federal common-law psychotherapist-patient privilege. *Jaffee*, supra. "However, federal courts do not recognize a physician-patient privilege." *United States v. Perryman*, 2001 WL 856966, *1 (6th Cir.2001) (citing *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir.1992)). "[S]tate law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed.R.Evid. 501. "Thus, a state-law physician-patient privilege may be recognized and applied by a federal court to a state-law claim or defense, but not to matters involving federal law." *Griffin v. Sanders*, 2012 WL 5817928, *3 (E.D.Mich.). The claims and defenses in this case involve federal law.

Because Plaintiff's physical health records are not privileged, they are discoverable if they are "relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).

Thus far, the Court has considered the question of whether Plaintiff suffered a physical injury requiring medical treatment. There is, however, a different type of "physical injury" that the Court must consider in light of the Defendants' third defense in this case,

which is that "Plaintiff's Complaint is barred by provisions of the Prison Litigation Reform Act" (Answer to Complaint, DN 7, p. 2).

One of the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), established a legal prerequisite for bringing a claim for mental or emotional injury – whether garden-variety or otherwise -- in the context of a prisoner civil rights action. The statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

"[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir.2010).

However, the physical injury can be more than *de minimis* even though it did not result in a need for medical treatment. In *Armer v. Marshall*, 2011 WL 2580359 (W.D.Ky.), this Court observed that "[w]hile a *de minimis* injury will not give rise to an Eighth Amendment Claim, a relatively minor physical injury is sufficient to satisfy section 1997e(e)'s requirement."

Mr. Armer chose not to seek medical attention following his attack, and even refrained from mentioning the alleged physical injury during later visits to the hospital. In fact, he offered little evidence other than his own testimony that he suffered any injury whatsoever. "It would seem that the issue before the Court is this:  can a prisoner's assertion that he suffered an injury sufficient to satisfy section 1997e(e) defeat a motion for summary judgment despite minimal evidence the alleged harm occurred?  The Court believes that it can." *Id.* at *7.

In light of *Armer*, it appears that Plaintiff need not allege and show that he suffered a physical injury requiring medical treatment in order to satisfy the "physical injury" requirement of section 1997e(e). Defendants are not entitled to discovery of Plaintiff's treatment records merely because Plaintiff filed a prisoner civil rights action within the purview of section 1997e(e).

The Sixth Circuit has held that a pepper-spray claim was barred by section 1997e(e) where plaintiff did not allege or show more than a de minimis physical injury. *Jennings v. Mitchell*, 2004 WL 504352. "At no time was Jennings in respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray." *Id.* at *1.

**Ruling:** Subject to the Plaintiff's responses to the interrogatories and questions discussed above at pages 9 through 12 of this Memorandum Opinion and Order (i.e., unless Plaintiff seeks compensation for a physical injury requiring medical treatment), Plaintiff has not put his physical health at issue in this case, and Defendants are not entitled to a medical release authorization (Request for Production No. 5).

If the Plaintiff did, in fact, suffer a physical injury requiring medical treatment, it appears to his advantage in this litigation to provide Defendants with the physical treatment records they seek to compel. If Plaintiff declines to provide such records, this Memorandum Opinion and Order will likely preclude him from attempting to distinguish his situation from *Jennings* based upon the presence of physical injury requiring medical treatment.

**ORDER**

For the foregoing reasons, the Defendants' alternative motion to compel responses to interrogatories and production of documents (DN 36) is GRANTED in part and DENIED and part.

Plaintiff is ORDERED to answer Interrogatory Nos. 23 and 29.

Plaintiff MAY, at his election, answer Interrogatory Nos. 4, 5, 6, 12, 24, and 31 and Request for Production of Documents Nos. 2, 4, 5, and 6.  Plaintiff should see the warnings at pages 12 and 16 of this Memorandum Opinion and Order regarding the consequences and potential consequences of not providing the requested discovery.

Plaintiff is ORDERED to answer Interrogatory Nos. 1, 2, 7, 8, 9, 13, 14, 17, 18, 19, 21, 22, 25, 26, 27, 28, and 30 and Request for Production of Document No. 1 within the terms and limitations set forth in this Opinion and Order.

Defendants' motion to compel is DENIED with respect to Interrogatory Nos. 3, 10, 11, 15, 16, 20, and 32, and Plaintiff need not provide additional answers except, if known to Plaintiff, he must identify the physical appearance of the "John Does" mentioned in Interrogatory Nos. 15 and 16.

Defendants' motion to compel is DENIED with respect to Request for Production of Document Nos. 3, 7, and 8.