UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00070-TBR

ZACHARY AMOS LAMB                                                              Plaintiff

v.

JACK TELLE, *et al.*                                                           Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Zachary Lamb's Motion for Reconsideration the Order at Docket No. 75 granting summary to Defendant Phil Hazel. (Docket No. 86.) For the following reasons, the Court will **DENY** Plaintiff Lamb's Motion for Reconsideration.

STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e).[1] *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th

---

[1] The Court notes that FRCP 59(e) requires that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." The Judgment as to Defendant Phil Hazel was entered on

Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and

---

November 8, 2013, at Docket No. 75. Plaintiff's motion to reconsider was filed on November 11, 2013.

sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

DISCUSSION

Plaintiff makes no attempt to argue that the relief sought is warranted because of "a clear error of law," "newly discovered evidence," "an intervening change in controlling law," or "a need to prevent manifest injustice." *See Leisure Caviar, LLC*, 616 F.3d at 615. Plaintiff merely cites evidence that was previously in the record and rehashes arguments he previously made. "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Hitachi Med. Sys.*, 2010 WL 2836788, at *1, and, under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead*, 301 F. App'x at 489 (citing *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374), or otherwise to "merely restyle or rehash the initial issues," *White*, 2008 WL 782565, at *1 (internal quotation marks and citation omitted). Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted).

The Court reiterates its basis for granting summary judgment to Defendant Hazle:

> Under § 1983, a supervisor is not liable for a constitutional deprivation, unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis,* 556 F.3d 484, 495 (6th Cir. 2009) (quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, the Plaintiff must prove the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer. *Id.* Supervisor liability cannot attach where the allegation of liability is based upon a mere failure to act. *Gregory v. City of Louisville,* 444 F.3d 725, 751 (6th Cir. 2006) (quoting *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).
>
> In this case, Jailer Hazle was not present when Plaintiff was pepper sprayed and did not learn of the incident until sometime later. Plaintiff has not alleged a failure to train, policy of failing to discipline officers for prior unconstitutional violations, or other theory that would permit § 1983 supervisory liability. *See, e.g.*, *Gregory v. City of Louisville,* 444 F.3d 725, 751-52 (6th Cir. 2006) (stating liability must be based upon more than a mere failure to act). As a result, the Court will **DENY** Defendant's motion for summary judgment on this claim.

(Docket No. 75, Page 20-21.) Plaintiff's argument focuses on the fact Phil Hazel reviewed the pepper spraying incident of January 17, 2012, subsequently sentencing him to 30 days of segregation, and Hazel's statement that the pepper sprayings were in accordance with jail guidelines. However, as previously stated, there is no indication Hazel "either encouraged the specific incident of misconduct or in some other way directly participated in it."[2] *Everson v. Leis,* 556 F.3d 484, 495 (6th Cir. 2009). Accordingly, the Court will **DENY** Plaintiff Lamb's Motion for Reconsideration. (Docket No. 86.)

---

[2] Plaintiff asserts that because he was pepper sprayed on May 22, 2011, he believes that the pepper sprayings were a "common practice" at Calloway County Jail. However, the Court notes there is nothing inherently wrong with pepper sprayings if they are not excessive. Plaintiff has produced no evidence that the May 22, 2011, pepper spraying was excessive. In any event, it is doubtful that two incidents would constitute a "common practice."

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider, (Docket No. 86), is **DENIED**.

IT IS SO ORDERED.

Date:

cc: Zachary Amos Lamb
P.O. Box 153
New Concord, KY 42076