

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00070-TBR-LLK

ZACHARY AMOS LAMB

v.

JACK TELLE, *et al.*

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiffs have proved their case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for the Plaintiffs and Defendant may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The

foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all seven (7) members of the jury must agree on any answer to the question and on the verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1

## Weighing the Evidence; Credibility of Witnesses

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be based on the evidence in the case.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

# INSTRUCTION NO. 2

## Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be an expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

# INSTRUCTION NO. 3

## Juror Notes

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes are not evidence and have no greater weight than your memory or the memory of your fellow jurors. Jurors should not be influenced by another juror's notes.

# INSTRUCTION NO. 4

## Burden of Proof and "Preponderance of the Evidence"

The term "preponderance of the evidence" as used in these instructions deserves additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. 5

## Introductory Instruction

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff Zachary Amos Lamb claims that Defendant Rodney Hill, acting under color of state law as an employee of the Calloway County Jail, violated his Fourteenth Amendment rights. Specifically, Zachary Lamb claims Rodney Hill violated his Fourth Amendment right as a pretrial detainee to be free from excessive force.

Rodney Hill denies violating Zachary Lamb's Fourteenth Amendment rights. He claims that the amount of force used on Zachary Lamb was reasonably necessary under the circumstances.

# INSTRUCTION NO. 6

## Elements of a Section 1983 Action

In order to prevail on their Section 1983 claims against Defendant Rodney Hill, Plaintiff Zachary Lamb must prove each of the following elements by a preponderance of the evidence:

1. that Rodney Hill, as an employee of the Calloway County Jail, acted under color of law;

2. that Rodney Hill intentionally performed acts that deprived Zachary Lamb of a particular right under the Constitution of the United States as explained in Instruction No. 7; and

3. that Rodney Hill's acts were the legal cause of damages sustained by Zachary Lamb.

You are instructed that Rodney Hill acted under color of law in this case. In other words, the first element above is satisfied. Therefore, you must only determine whether Zachary Lamb has proved all of the elements he is required to prove against Rodney Hill under Instruction No. 7.

# INSTRUCTION NO. 7

## Fourteenth Amendment Right to Be Free From Use of Excessive Force

Your verdict must be for the Plaintiff Zachary Lamb and against Defendant Rodney Hill if all the following elements have been proved, by a preponderance of the evidence:

*First*, the Defendant pepper sprayed the Plaintiff; and

*Second*, the force used was excessive because it was not reasonably necessary to restore order, maintain discipline, prevent Plaintiff from harming others, and/or prevent Plaintiff from harming himself; and

*Third*, as a direct result, the Plaintiff was injured.

In determining whether the force was excessive, you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; whether it was used for punishment rather than for legitimate purpose such as maintaining order or security within Calloway County Jail; and whether a reasonable jailer on the scene would have used the same force under similar circumstances. You must decide whether Rodney Hill's actions were reasonable in light of the facts and circumstances confronting him without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved, then your verdict must be for the Defendant.

# INSTRUCTION NO. 8

## Mental and Physical Pain and/or Suffering Damages and Nominal Damages

If you decided in favor of Plaintiff on Verdict Form No. 1, you must determine the amount that is fair compensation for all of the Plaintiff's damages. In this case, Plaintiff is seeking compensatory damages for his mental and physical pain and/or suffering.

You may award these damages only for injuries that the Plaintiff has proved were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. These damages are not allowed as punishment and cannot be imposed or increased to penalize the Defendant. You should not award these damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award mental and physical pain and/or suffering damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You shall award damages only for those physical and mental injuries which you find the Plaintiff has proved to have been the direct result of the conduct by the Defendant in violation of the United States Constitution. That is, you may not simply award compensatory damages for any physical and mental pain and/or suffering suffered by the Plaintiff, but may award compensatory damages only for physical and mental pain and/or suffering that is a direct result of actions by Defendant Hill which violated the Plaintiff's Constitutional rights.

If you find for the Plaintiff, but find that the Plaintiff has failed to prove compensatory damages for mental and physical pain and/or suffering, you shall return an award of nominal damages not to exceed one dollar. The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

Please note, you may not award both compensatory damages and nominal damages; you may award compensatory damages or nominal damages or neither. However, as will be discussed in Instruction No. 9, you may award punitive damages in addition to either compensatory or nominal damages.

# INSTRUCTION NO. 9

## Punitive Damages for Claims Brought Under Section 1983

As previously stated, in addition to the damages discussed in Instruction No. 8, the law permits the jury under certain circumstances to award an injured person or persons punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence Plaintiff Zachary Lamb is entitled to a verdict against Defendant Rodney Hill under Instruction No. 5 (excessive force), and you further find that the act or omission of Defendant Rodney Hill, causing actual injury or damage to Plaintiff Zachary Lamb, was maliciously, or wantonly, or oppressively done, then you may add to the award of compensatory or nominal damages such amount as you must unanimously agree to be proper, as punitive and exemplary damages.

An act or failure to act is "maliciously" done, if prompted or accompanied by ill will, spite, or grudge toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or failure is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to compensatory or nominal damages, is a matter exclusively within the province of the jury, if you

unanimously find, from a preponderance of the evidence in the case, that Defendant Rodney Hill's act or omission which caused damage to Plaintiff Zachary Lamb, was maliciously or wantonly or oppressively done.

You should always bear in mind such extraordinary damages may be allowed only if you should first unanimously award Plaintiff Zachary Lamb a verdict for compensatory or nominal damages. You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use it to punish a defendant for injury the defendant may have inflicted upon nonparties or those whom they directly represent.